UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
DR. WILLIAM JIMENEZ URIBE,

                Plaintiff,

    - against -

STEPHANIE CECILIA NIEVES,

                Defendant.
----------------------------------------------------------------X

**MEMORANDUM AND ORDER**
17-CV-5155 (RRM) (RER)

ROSLYNN R. MAUSKOPF, United States District Judge.

Dr. William Jimenez Uribe ("Jimenez"), a plastic surgeon in Cali, Colombia, brings this action seeking damages and injunctive relief for defamation and other state law torts arising out of social media postings allegedly made by a former patient, Stephanie Cecilia Nieves. Before the Court is a Motion for Default Judgment. (Doc. No. 11.) For the reasons that follow, the motion is denied.

## PROCEDURAL BACKGROUND

The instant complaint (Doc. No. 1) was filed on August 31, 2017. As reflected in an affidavit of service filed on September 6, 2017 (*See generally* Aff. of Service, Doc. No. 7), service of the summons, complaint and other relevant documents was ostensibly made on defendant Nieves at 144-14 Gravett Road, Flushing, NY 11367 via two methods: 1) on September 2, 2017 "by personally delivering and leaving the same with her Father, JOHN DOE (who refused to give his name), a person of suitable age and discretion at that address, the actual place of residence"[1] and 2) on September 5, 2017 "by first class mail, by enclosing a true copy thereof in a securely sealed and postpaid wrapper" appropriately marked and addressed to Nieves at such address.

---

[1] The affidavit of service also includes a description of "John Doe."

Importantly, as reflected in the affidavit of service, at the time such service was made, the process server

> asked John Doe whether Stephanie Cecelia Nieves is in active military service for the United States of America or for the State in any capacity whatever or dependent upon a person in active military service and was was told that Stephanie Cecilia Nieves is in the Navy.

(*See id*.) It is this affidavit of service that forms the basis for the Clerk's entry of the default of defendant Nieves, and for plaintiff's motion for default judgment.

To date, no Answer has been filed, nor has Nieves appeared or otherwise moved against the complaint, and the Clerk of Court has noted Nieves's default. (Doc. No. 9.) Jimenez has moved for default judgment pursuant to Federal Rule of Civil Procedure 55.

## SERVICEMEMBERS CIVIL RELIEF ACT

The Servicemembers Civil Relief Act ("the Act") provides various protections for persons in the uniformed services. *See* 50 U.S.C. § 3901 *et seq*. The purpose of the Act is to provide for the temporary suspension of judicial and other proceedings that may adversely affect the rights of servicemembers during their military service. 50 U.S.C. § 3902; *see, e.g., In re Templehoff*, 339 B.R. 49, 53 (Bankr. S.D.N.Y. 2005) ("Our country's servicemembers must have peace of mind that they will not be subject to civil actions in which they cannot appear and defend.").

Section 3931 restricts default judgments against individuals in active military service. Before entering judgment in any action in which the defendant has not made an appearance, the court must require the plaintiff to file an affidavit with the court stating whether the defendant is or is not in military service.[2] 50 U.S.C. § 3931(b)(1). The affidavit must provide the specific

---

[2] "Military service" for this purpose includes active duty in the Army, Navy, Air Force, Marine Corps, or Coast Guard; active duty in the National Guard when called to service by the President or Secretary of Defense for a period of more than 30 consecutive days for purposes of responding to a national emergency; and commissioned

facts necessary to support the conclusion stated, and may not be based on conclusory statements or on "information and belief." *Id*.; *see also In re Templehoff*, 339 B.R. at 54 (affidavit was not sufficient when it did not show necessary supporting facts); *United States v. Simmons*, 508 F. Supp. 552, 552-553 (D. Tenn. 1980) (affidavit was not sufficient when it failed to set forth facts on which "information and belief" were based, as required by statute); *United States v. Parsons*, 1997 U.S. Dist. LEXIS 18002, at *2 (M.D. Fla. 1997) (attorney's statement "upon information and belief" was not sufficient when it did not demonstrate that attorney had personal knowledge of defendant's status). The court lacks the power to excuse compliance with the statute. *United States v. Simmons*, 508 F. Supp. At 552–553 (default judgment could not be granted to party who filed affidavit that did not comply with requirements of statute).

## DISCUSSION

Here, Jimenez has failed to comply with the Act. As noted above, Jimenez was on notice at the time the summons and complaint were served that Nieves was "in the Navy." As his process server averred, Nieves' father, identified as "John Doe," relayed this information. Yet, Jimenez has done nothing to verify whether Nieves is or is not in military service, nor has he provided the affidavit – supported by the necessary facts – that the Act requires. Rather, in support of the instant motion, Jimenez's attorney overlooks the fact that Nieves was reported to be in the Navy; instead, he merely asserts in conclusory fashion that the summons and complaint were properly served, and attaches a copy of the affidavit of service – the same affidavit that indicates Nieves' status as a servicemember. (Greenberger Aff. (Doc. No. 11-2) at ¶ 5 and Ex.

---

officers of the Public Health Service and National Oceanic and Atmospheric Administration when in active service. 50 U.S.C. § 3911(2)(A).

B.) Thus, Jimenez has failed to comply with the Act, and thus his motion for default judgment is denied.

## CONCLUSION

For the reasons set forth above, Jimenez's Motion for Default Judgment is denied.

SO ORDERED.

*Roslynn R. Mauskopf*

_____
ROSLYNN R. MAUSKOPF
United States District Judge

Dated: Brooklyn, New York
September 26, 2018